# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LORI LEE DRUMM,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
CH-1221-18-0158-W-1

DATE: October 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Goldenzweig, Esquire, Houston, Texas, for the appellant.

Chadwick C. Duran, Esquire, and Danielle Kalivoda, Esquire, Indianapolis, Indiana, for the agency.

Nicholas E. Kennedy, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which granted in part and denied in part the appellant's request for corrective action in connection with her individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the agency's petition for review and reverse the administrative judge's granting of corrective action regarding the agency's suspension of the appellant's privileges. We DENY the appellant's cross petition for review. The appellant's request for corrective action is denied as to all matters.

**BACKGROUND**

The essential facts in this appeal are set forth below and are largely drawn from the administrative judge's thorough initial decision. The parties do not challenge these essential facts.

During the 2-year period relevant to this appeal, the appellant encumbered the position of Associate Chief of Staff at the Veterans Affairs Northern Indiana Health Care System (VANIHCS). Her first-level supervisor was the VANIHCS Chief of Staff (COS), and her second-level supervisor was the VANIHCS Director. In her position, the appellant served as the first-line supervisor of primary care physicians, many of whom were in remote Indiana sites. As a collateral duty, she also served as Opioid Safety Initiative (OSI) Co-Champion.

Shortly after the appellant was appointed to her position, she began to be concerned about the number of patients at the facility who were being prescribed opioids on a long-term basis. Because of the dangers inherent in that situation, the appellant favored gradually reducing opioid dosage levels with a view toward patients becoming opioid free. As a result, the primary care providers she supervised increased the "tapering" and suspension of patient opioid prescriptions by employing other methods of pain control.

The focus at the facility on reducing patient opioid levels attracted congressional scrutiny and media attention. Patients who were dissatisfied let their opinions be known through surveys that reflected poorly on VANIHCS and complaints to patient advocates, members of Congress, and high-level agency management. The appellant raised to VANIHCS her concerns that executive leadership appeared to care more about patient satisfaction and positive feedback than the clinical judgment of the treating providers and that non-providers were improperly influencing health care provider decisions concerning opioid prescriptions. Initial Appeal File (IAF), Tab 8 at 47-51.

Subsequently, two members of the House Committee on Veterans' Affairs wrote to the Veterans' Affairs Secretary concerning a number of matters, including an allegation that the appellant was tapering veterans from their opioid medication without contacting or examining them, but rather based only on chart review, and they requested that the agency's Office of Medical Inspector (OMI) conduct an investigation, which it did. IAF, Tab 12 at 436-37. The investigation found that six veterans experienced changes in their medication without any communication from the appellant, in violation of Indiana law, adopted as VANIHCS medical center policy, which requires face-to-face meetings every 2 months for patients whose opioid regimen is changed. *Id.* at 278-305. OMI recommended that VANIHCS determine the appropriate educational, administrative, or disciplinary accountability for the appellant's noncompliance with state law and medical center policy. *Id.* at 285. The House Veterans Affairs Committee wrote to the Secretary of Department of Veterans Affairs inquiring how VANIHCS had addressed the findings regarding the appellant, specifically, what administrative actions it took against her, whether her practice privileges had been or would be suspended, and whether she would be reported to the state licensing authority. *Id.* at 431.

On May 26, 2017, based on the recommendation of the COS, the VANIHCS Director suspended the appellant's privileges pending a

comprehensive review of allegations that she failed to "implement opioid safety initiatives with Veterans in a safe and ethical manner." IAF, Tab 12 at 348. That investigation included a review of the records of all the appellant's patients during the period in question to determine whether any veterans had been harmed due to the appellant's actions, but no such harm was found. Hearing Transcript (HT) at 239, 242 (testimony of COS). Thereafter, the Professional Standards Board (PSB) unanimously recommended that the appellant's privileges be reinstated, and they were, effective June 23, 2017. *Id.* at 329, 346.

The appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC). IAF, Tab 1 at 27-40. She listed a number of protected disclosures she had made to the COS and/or the VANIHCS Director regarding the opioid prescription situation at the facility that, she alleged, reflected a significant threat to public health and safety and a violation of law. *Id.* She also raised a number of personnel actions she claimed the agency had taken against her based on the disclosures, including the suspension of her privileges and her concurrent removal as OSI Co-Champion. *Id.* The appellant subsequently amended her complaint to include a proposed reprimand she had received for failure to follow medical center policy related to opioid prescriptions that was subsequently reduced to a letter of counseling. *Id.* at 23-24, 41-72; IAF, Tab 12 at 18. On September 14, 2017, the appellant notified the COS that she intended to retire effective October 6, 2017, and she did so. IAF, Tab 12 at 15, 17. She also notified OSC of her retirement and alleged that it was involuntary. IAF, Tab 1 at 73.

After OSC issued a closure letter, IAF, Tab 1 at 74, the appellant filed an appeal with the Board that included the same alleged protected disclosures and personnel actions described in her OSC complaint as amended. IAF, Tab 1. She requested a hearing. *Id.* at 2.

After holding the appellant's requested hearing, the administrative judge issued an initial decision granting in part and denying in part the appellant's

request for corrective action. IAF, Tab 41, Initial Decision (ID) at 2, 55. After finding that the appellant established that she had exhausted her administrative remedies, ID at 12-14, the administrative judge found that the appellant made nine specific protected disclosures between November 2015 and March 2017 to VANIHCS leadership (the COS and the Director) relating to opioid prescription issues, including opioid over-prescription, patient diversion of opioids, improper provider training on urine drug screens, and improper influence on medical decisions or opioid safety plans, and that she reasonably believed that her disclosures evidenced potential violations of law and a substantial and specific danger to public health and safety. ID at 14-26. The administrative judge further found that the appellant established that her disclosures were a contributing factor in three personnel actions, the agency's summary suspension of her health care privileges, her concurrent removal as OSI Facility Co-Champion, and the proposed reprimand, noting that the first two of these actions constituted a significant change to the appellant's duties and responsibilities. ID at 26-28. The administrative judge further found that the appellant failed to show that her retirement was involuntary and that therefore it did not constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A).[2] ID at 36-40. The administrative judge then determined that the agency failed to show by clear and convincing evidence that it would have suspended the appellant's privileges absent her protected disclosures, ID at 42-49, but that it did make the required showing regarding her removal as OSI Facility Co-Champion, ID at 49-50, and the proposed reprimand, ID at 50-54. Accordingly, the administrative judge found that the appellant was entitled to corrective action only regarding the suspension of her medical privileges, and he therefore granted relief in part and denied it in part. ID at 55.

---

[2] In addition, the administrative judge found that the appellant failed to meet her burden to show that her protected disclosures were a contributing factor to another alleged personnel action, ID at 28-29, and that she also failed to show that she was subjected to two other alleged personnel actions. ID at 30-36. The appellant has not challenged any of these findings on review, and therefore, we do not address them further.

The agency has filed a petition for review, Petition for Review (PFR) File, Tab 1.  The appellant has responded and has also filed a cross petition for review.  PFR File, Tab 3.  The agency has responded to the cross petition for review.  PFR File, Tab 4.

**ANALYSIS**

<u>The administrative judge erred in finding that the agency failed to present clear and convincing evidence that it would have suspended the appellant's privileges absent her protected disclosures.</u>

On review, the agency argues only that the administrative judge erred in finding that it did not present clear and convincing evidence that it would have suspended the appellant's clinical privileges absent her protected disclosures.  PFR File, Tab 1 at 8-17.  For the reasons discussed below, we agree with the agency.

Clear and convincing evidence is a high burden of proof.  *Whitmore v. Department of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. (2012).  Relevant factors deemed appropriate for consideration of whether the agency has met its burden are:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  Evidence only supports this high burden when it does so in the aggregate considering all of the pertinent evidence in the record, including that which detracts from the conclusion.  *Whitmore*, 680 F.3d at 1368.

In finding that the agency failed to meet its burden regarding the suspension of the appellant's clinical privileges, the administrative judge first considered *Carr* factor (2), the motive to retaliate.  Because the administrative judge started his analysis with the second *Carr* factor, we will do so as well.  We will then discuss the first *Carr* factor, and finally the third factor.

The administrative judge found that the second *Carr* factor weighs heavily in the appellant's favor.[3]  ID at 41-42.  The administrative judge considered that the opioid crisis and attendant problems were of concern to VANIHCS management, that public scrutiny had cast the facility in an unfavorable light, and that both the COS and the Director were sensitive to public criticism of the facility.  ID at 42.

The agency contends that the administrative judge made inconsistent and erroneous conclusions of material fact and failed to address certain evidence regarding *Carr* factor (2).  For example, the agency argues that the administrative judge erred in finding that the Director had a motive to retaliate against the appellant based on her disclosure that he influenced medical decisions relating to opioids.  PFR File, Tab 1 at 9.  The administrative judge found that it was more likely than not that the Director influenced clinical decision-making through the COS.  ID at 24.  In support of his finding, the administrative judge considered the testimony of Dr. C.G., HT at 148-50, and Dr. D.W., HT at 183-86, two primary care physicians whom the appellant supervised.  ID at 20.  Although the agency argues that the appellant was not correct in her allegations of influence, PFR File, Tab 1 at 9, whether she was or not is not the issue.  The administrative judge found, and the agency does not challenge, that the appellant engaged in protected activity when she made disclosures to VANIHCS leadership, including that there was improper influence on medical decisions related to opioid prescription issues, and that she reasonably believed that such influence evidenced potential violations of law and a substantial and specific danger to public health and safety.  ID at 26.  However, to the extent that this disclosure evidences a motive to retaliate, it does not, in and of itself, support a finding that *Carr* factor (2) weighs heavily in the appellant's favor as the administrative judge found.

---

[3] The administrative judge made this finding regarding a motive to retaliate concerning all three of the personnel actions at issue in this appeal.  ID at 41-42.

The agency further argues on review that the administrative judge failed to consider that both the COS and the Director testified that they generally agreed with the appellant regarding the need for reducing opioid use among the facility's patients, and that such evidence does not support a finding that they had a strong motive to retaliate against her. PFR File, Tab 1 at 10; HT at 199-200, 270-71 (testimony of the COS), 280, 306-07 (testimony of the Director). The administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). On the other hand, an initial decision must identify all material issues of fact and summarize the evidence. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Here, the omitted evidence appears to be significant and is relevant to the degree of retaliatory motive, for if the COS and Director shared the appellant's concern about opioid use among veterans, that would undercut a finding of a motive to retaliate and would make the analysis of the second *Carr* factor more complicated than the administrative judge found. The analysis is further complicated by the Director's testimony that he was afraid the appellant had created a culture where veterans were seen as drug seekers, that he was angered by such labels, and that his guidance was to defer to the veteran. HT at 284 (testimony of the Director). The Director's more specific testimony that he was at odds with the appellant's position on how to achieve the reduction of opioids could support a finding that he had a strong motivate to retaliate against her. IAF, Tab 24 at 83 (sworn testimony of the Director before the Administrative Inquiry Board).[4] However, after initially finding that the COS and the Director clearly had a motive to retaliate against the appellant, given the undisputed weight of patient complaints,

---

[4] Just prior to the suspension of the appellant's privileges and her removal as OSI Co-Champion, an Administrative Inquiry Board was tasked with hearing testimony from witnesses related to issues at the facility, and the appellant, among others, was interviewed. IAF, Tab 12 at 168.

media coverage,[5] and congressional scrutiny of the opioid issue at VANIHCS, ID at 49, the administrative judge subsequently found, while discussing the proposed reprimand of the appellant, that such influence or scrutiny was unrelated to the appellant's protected disclosures. ID at 54. We fail to see, nor did the administrative judge explain, how the outside influence and scrutiny could have been unrelated to the protected disclosures in analyzing motive with respect to the proposed reprimand yet related to the protected disclosures in assessing whether there was motive when suspending the appellant's privileges. Both personnel actions were based on the same conduct—the appellant's failure to comply with medical center policy and state law in adjusting the opioid regimens of a number of veterans.

In sum, the administrative judge's inconsistent findings and failure to mention significant evidence call into question his findings regarding *Carr* factor (2). We have carefully considered the evidence regarding the motive to retaliate, and, while we agree with the administrative judge that there was a motive to retaliate, we do not find the motive as strong as the administrative judge found.

The agency also challenges on review the administrative judge's finding that its support for the suspension of the appellant's privileges was not strong. In examining *Carr* factor (1), the Board looks at the evidence the agency had before it when it took the alleged retaliatory action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1372 (Fed. Cir. 2001). The administrative judge relied considerably on the testimony of Dr. D., who was on the PSB at the time the appellant's privileges were suspended. ID at 45-46. The administrative judge found Dr. D. very credible in his testimony that he disagreed with the suspension of the appellant's privileges because he did not believe that, based on the

---

[5] A local television station in Indianapolis aired a story on the VANIHCS concerning patient dissatisfaction with changes being made to their opioid prescriptions without their knowledge. The story identified the appellant as the responsible physician. IAF, Tab 12 at 355.

appellant's actions, there was a clear and imminent danger to patient care, as he understood the Medical Center Bylaws to require. HT at 160-61 (testimony of Dr. D.). In fact, the Bylaws require only the "potential of imminent harm to the health and well-being" of patients, IAF, Tab 24 at 238, and the stated reason for the suspension of the appellant's privileges was that her actions "potentially constitute[d] an "imminent threat to patient welfare.". IAF, Tab 12 at 348. Moreover, Dr. D. conceded that he was not privy to the OMI investigation that formed the basis for the COS's action. HT at 166 (testimony of Dr. D.). That investigation substantiated that the appellant was inappropriately tapering veterans from their opioid pain medication without close clinical supervision or clinical assessment and in violation of Indiana law, adopted as medical center policy, IAF Tab 12 at 282, and that her actions posed a risk to public health and safety. *Id.* at 286. The COS testified that he proposed suspending the appellant's privileges out of concern for patient safety, given that many patients on opioids also have mental health issues, and that he did not want to risk any incidents until he could confirm that no other patients had had their prescriptions reduced in a manner that did not comply with state law, adopted as medical center policy. HT at 237-38 (testimony of COS). The COS also testified that he believed that further review was necessary to determine whether there had been any ill health effects to patients from the appellant's actions. *Id.* at 239. Under these circumstances, we find that the administrative judge erred in concluding that the agency's evidence in support of suspending the appellant's privileges was not strong. In fact, based on the OMI's report, which, as noted, recommended appropriate educational, administrative, or disciplinary accountability, IAF, Tab 12 at 278, as well as the other evidence, we believe that the agency had a very strong basis for suspending the appellant's privileges.

The agency does not challenge on review the administrative judge's finding as to *Carr* factor (3)—that the agency did not present any evidence that the agency takes similar actions against similarly situated employees who are not

whistleblowers. ID at 49. It is the agency that bears the burden of proving that it would have taken the same action in the absence of his protected activity. *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015). While the agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, our reviewing court has held that "the absence of any evidence relating to *Carr* factor (3) can effectively remove that factor from the analysis," but that the failure to produce such evidence if it exists "may be at the agency's peril," and "may well cause the agency to fail to prove its case overall." *Whitmore*, 680 F.3d at 1374-75. Moreover, because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services Administration,* 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018).

Here, however, the agency did present some slight evidence in the form of the COS's testimony that he has recommended the suspension of privileges of other doctors, including some who he does not believe "could be" whistleblowers. HT at 271 (testimony of COS). Because this evidence is not strong, however, we find that the third *Carr* factor cuts slightly against the agency.

The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence; rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 36 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). Upon review of the record, we are left with the firm belief that the agency would have suspended the appellant's privileges in the absence of her protected disclosures, given the strength of the evidence in support of the agency's action balanced against the evidence of the motive to retaliate against her and the slight evidence favoring the appellant under *Carr* factor (3). We find, therefore, that the appellant is not entitled to corrective action regarding the suspension of her privileges.

<u>The appellant failed to show that her retirement was involuntary, and thus, it did not constitute a personnel action under the whistleblower statutes.</u>

In her cross petition for review, the appellant argues that the administrative judge erred in finding that she did not establish that her retirement was involuntary. PFR File, Tab 3 at 23-24. Specifically, the appellant contends that, contrary to the administrative judge's finding, she lacked a meaningful choice because she had to choose between "acceding to illegal and medically dangerous opioid actions by VANIHCS and resigning (sic)." *Id.* at 24.

As the administrative judge correctly found, an employee-initiated action such as a retirement is presumed to be voluntary and thus outside the Board's jurisdiction. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013), *abrogated on other grounds by Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975, 1979 (2017); *Searcy v. Department of the Commerce*, 114 M.S.P.R. 281 ¶ 12 (2010); 5 C.F.R. § 752.401(b)(9). Such actions may be involuntary, however, and tantamount to an adverse action if they are obtained by coercion, misinformation, or deception. *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341 (Fed. Cir. 2001); *Searcy*, 114 M.S.P.R. 281, ¶ 12. An appellant may establish involuntariness by showing that he lacked a meaningful choice because of the agency's improper actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013).

In considering this claim, the administrative judge thoroughly reviewed the documentary and testimonial evidence in light of the above and other precedential decisions of the Board and our reviewing court. ID at 36-40. Although he found the appellant credible, ID at 38-39, he ultimately concluded that she failed to meet the high legal burden necessary to show that the circumstances were so intolerable that a reasonable person in her position would have been compelled to retire. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (finding that an employee must satisfy a demanding legal standard in order to establish that a retirement is involuntary); *Heining v. General Services*

*Administration*, 68 M.S.P.R. 513, 519-20 (1995) (finding that the totality of the circumstances must be gauged by an objective standard rather than by the employee's purely subjective evaluation). Because the administrative judge found that the appellant failed to show that her retirement was involuntary, he found that she did not establish that the action was a personnel action for IRA purposes. *See Comito v. Department of the Army*, 90 M.S.P.R. 58, ¶ 13 (2001) (finding that a separation pursuant to a voluntary resignation is not a personnel action under 5 U.S.C. § 2302(a)(2)(A) within the Board's IRA jurisdiction); ID at 40.

The appellant's mere disagreement with the administrative judge's findings regarding the voluntariness of her retirement does not explain why those findings are incorrect or otherwise establish error. *Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (finding that arguments that constitute mere disagreement with the initial decision do not provide a basis to grant the petition for review); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding that there is no reason to disturb the administrative judge's conclusions when the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Therefore, the appellant has failed to show that the administrative judge erred in finding that she did not show that her retirement was involuntary.

The appellant failed to show that the agency did not establish that it would have removed her from her position as OSI Co-Champion absent her protected disclosures.

In her cross petition for review, the appellant also challenges the administrative judge's finding that the agency proved by clear and convincing evidence that it would have removed her from her OSI Facility Co-Champion role in the absence of her protected disclosures. PFR File, Tab 3 at 22. The appellant argues that the administrative judge misapplied the standard by essentially

"call[ing] a 'tie,'" and that, in so doing, he did not hold the agency to its high burden of proof. *Id.* at 23.

The administrative judge found, based on the appellant's testimony, that her OSI Co-Champion duties were removed concurrently with the suspension of her privileges, HT at 92, 103 (testimony of the appellant); ID at 49, and that, under the circumstances, the two actions were likely tied together in that the appellant could not provide guidance on opioid matters while her privileges were suspended. ID at 50. Acknowledging the dearth of evidence presented specific to this action, the administrative judge determined that he must consider it within the context of the evidence as a whole, including the results of the OMI investigation, the local news story, the appellant's testimony before the Administrative Investigative Board,[6] and the Congressional Committee's inquiry into the actions taken against her in light of the OMI's findings. On that basis, the administrative judge concluded that the agency presented clear and convincing evidence that it would have removed the appellant as OSI Facility Co-Champion absent her protected disclosures, pending further investigation. ID at 50.

As we have stated, the Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence; rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Mithen*, 122 M.S.P.R. 489, ¶ 36. That is what the administrative judge did here. The appellant acknowledged that, once the agency suspended her privileges, she could no longer serve as OSI Co-Champion, and that, as a consequence, the agency removed her from that role. We have found that the agency had strong evidence in support of its action to suspend the appellant's privileges. Because the agency was compelled to then

---

[6] The appellant acknowledged in her sworn testimony that she did not physically engage in face-to-face meetings with veterans at remote locations regarding the tapering of opioid prescriptions, but she contended that she did not have time to do so, given the extent of her responsibilities. IAF, Tab 12 at 199-200.

remove the appellant as OSI Co-Champion, it necessarily had strong evidence in support of that action. Based on the strength of that evidence, and notwithstanding that the agency had a motive to retaliate and that the record contains no information regarding whether the agency removed employees from the role of OSI Co-Champion who were not whistleblowers,[7] we find that the appellant has not shown that the administrative judge erred in finding that the agency showed by clear and convincing evidence that it would have removed the appellant as OSI Co-Champion absent her protected disclosures.[8]

The appellant has not challenged on review the administrative judge's finding that the agency showed by clear and convincing evidence that it would have proposed the reprimand based on the appellant's failure to follow medical center policy absent her protected disclosures. Because the appellant has not challenged this finding on review, we do not address it further.

In sum, we find that the agency proved by clear and convincing evidence that it would have taken all three personnel actions absent the appellant's protected disclosures, and that therefore her request for corrective action is denied.

---

[7] The other OSI Co-Champion who served with the appellant was not a medical doctor, and there is no evidence to suggest that there were other co-champions prior to the time the appellant held that role.

[8] The appellant also argued that there is no evidence in the record that the agency ever reinstated her as OSI Co-Champion after it restored her privileges. PFR File, Tab 3 at 23. However, she did not claim below that any such failure on the agency's part was a personnel action. IAF, Tab 26 at 6. Therefore we need not consider this matter on review. *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 27 (2011) (finding that an issue is not properly before the Board where it is not included in the administrative judge's summary of the prehearing conference, which stated that no other issues will be considered, where neither party objects to the exclusion of that issue in the summary), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012).

## NOTICE OF APPEAL RIGHTS[9]

This decision constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  *Gina K. Grippando*
                                           _____
                                           Gina K. Grippando
                                           Clerk of the Board

Washington, D.C.